Mary Jo O'Neill, AZ Bar No. 005924
C. Emanuel Smith, MS Bar No. 7473
Sandra Padegimas, AZ Bar No. 011652
**Equal Employment Opportunity Commission, Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone:  (602) 640-5061
Fax: (602) 640-5009
Email:   mary.oneill@eeoc.gov
            emanuel.smith@eeoc.gov
            sandra.padegimas@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Equal Employment Opportunity Commission, | |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Valwest Technologies, Inc., | **(Jury Trial Demanded)** |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Robert D. Rickman III who was adversely affected by such practices.  The EEOC alleges Defendant Valwest Technologies, Inc., discriminated against Mr. Rickman by subjecting him to different terms and conditions of employment because of his religion, and disciplining and discharging him because of those beliefs and in retaliation for opposing conduct made unlawful by Title VII and/or because he filed a charge of discrimination.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); §§2000e-6 and Section 102 of the Civil Rights Act of 1991,  42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

**PARTIES**

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Valwest Technologies, Inc., (Valwest Technologies or Defendant) has continuously been an Arizona corporation doing business in the State of Arizona, and the City of Phoenix and has continuously had at least 15 employees.

5. At all relevant times, defendant Valwest Technologies has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Robert D. Rickman III filed a charge with the Commission alleging violations of Title VII by Defendant.  All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

1  7.  Since at least January 2004, Valwest has engaged in unlawful employment practices at its Phoenix Arizona facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) by discriminating against Robert D. Rickman III by subjecting him to different terms and conditions of employment and discharging him because of his religion.

8.  Since at least May, 2004, Valwest has engaged in unlawful employment practices at its Phoenix Arizona facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by discriminating against Robert D. Rickman III by disciplining and discharging him because he opposed practices made unlawful by Title VII and/or made a charge of employment discrimination with the EEOC.

9.  The effect of the practices complained of in paragraphs 7-8 above has been to deprive Robert D. Rickman III of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion and in retaliation for opposing conduct made unlawful by Title VII and/or by making a charge of employment discrimination with the EEOC.

10.  The unlawful employment practices complained of in paragraphs 7-8 above were and are intentional.

11  The unlawful employment practices complained of in paragraphs 7-8 above were and are done with malice or with reckless indifference to the federally protected rights of Robert D. Rickman III.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in discrimination because of an employee's religious beliefs and any other employment practice which discriminates on the basis of religion, and retaliating against employees because they oppose practices made unlawful by

Title VII or participate in a proceeding pursuant to Title VII,

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees regardless of their religious beliefs and those who oppose unlawful employment discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Robert D. Rickman III by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement.

D. Order Defendant to make whole Robert D. Rickman III by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant to make whole Robert D. Rickman III by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Robert D. Rickman III punitive damages for its malicious and/or reckless conduct, described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint.

DATED this 29th day of September, 2005.

                        Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507


  s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney


  s/ C. Emanuel Smith
C. EMANUEL SMITH
Supervisory Trial Attorney


  s/ Sandra J. Padegimas
SANDRA J. PADEGIMAS
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
(602) 640-5061
Attorneys for Plaintiff