1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,    )<br>   )<br>   Plaintiff,    )<br>   )<br>vs.    )<br>   )<br>Valwest Technologies, Inc.,    )<br>   )<br>   Defendant.    ) | No. CV05-3031 PHX DGC<br>**CONSENT DECREE** |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against Valwest Technologies, Inc., ("Valwest" or "Defendant") to enforce Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.  In the Complaint, the Commission alleged that Valwest discriminated against Robert Rickman on the basis of religion and in retaliation for opposing conduct made unlawful by Title VII and/or because he filed a charge of discrimination.  Valwest filed an answer denying that Valwest discriminated against, disciplined, or discharged Mr. Rickman because of his religion and denying all of the Commission's material allegations.  The only remaining issue in the case is whether Valwest retaliated against Mr. Rickman.  Valwest continues to deny any discriminatory conduct and, by entering into this Consent Decree, Valwest does not admit any liability or wrongdoing.  Nothing in this Consent Decree is an admission of any wrongdoing by Valwest.

1

In the interest of resolving this matter, and as a result of having engaged in settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

1.      This Decree resolves all claims of the Commission against Defendant, including claims for alleged back pay, alleged compensatory and punitive damages, interest, injunctive relief, attorney's fees, and costs arising out of the issues in this lawsuit.

### INJUNCTION

2.      Defendant and its officers, agents, employees, successors, and assigns, both at the time that this Decree becomes effective and for the duration of this Decree, are permanently enjoined from retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal or State laws prohibiting discrimination or retaliation.

### MONETARY RELIEF

3.      Defendant agrees to pay total settlement consideration of $ 20,000. Defendant shall pay the settlement amount to Robert Rickman by cashier's check or money order no later than ten business days from the Court's entry of the Consent Decree.  The payment shall be made payable to Mr. Rickman and mailed to his home address.  Within three business days of its issuance, Defendant shall submit a copy of the check or money order and any related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

232827.1

4. Of the $20,000 settlement amount, $2,500 is designated for claimed backpay and prejudgment interest. The remainder is designated as compensation for claimed emotional damages. The employee's share of FICA and federal and state withholding taxes shall be deducted from the portion of the settlement designated as back wages. Defendant shall pay the employer's share of FUTA and FICA on the back pay and shall not deduct it from Mr. Rickman's back pay. Defendant shall issue a Internal Revenue Service Form 1099 to Mr. Rickman for the compensatory damages for the tax year during which payment is made.

## OTHER RELIEF

5. To the extent necessary, if any, Defendant shall expunge from the personnel files of Mr. Rickman (a) all references to the charges of discrimination filed against Defendant that formed the basis of this action; (b) all references to Mr. Rickman's participation in this action; and (c) any and all documents that refer or relate to any alleged performance deficiencies by Mr. Rickman since he filed his charge of discrimination.

6. Within ten (10) business days after the Entry of this Consent Decree, if requested by Mr. Rickman, Defendant shall provide Mr. Rickman a letter of recommendation addressed "To Whom It May Concern." In this letter, Defendant shall provide Mr. Rickman with a recommendation objectively reflecting his work history with Defendant and job performance as reported in his performance evaluations prior to Mr. Rickman filing a charge of discrimination.

7. Defendant shall institute or continue to carry out policies and practices that will continue to help assure a work environment free from unlawful retaliation. To assist Defendant in its continuing efforts to assure such a work environment, Defendant shall take the actions provided in paragraphs nine (9) through thirteen (13) of this Decree.

232827.1

**NOTICE**

8.      Defendant shall post for the duration of this Decree, in a prominent place frequented by its employees at all of its facilities, the Notice attached as Exhibit A.  The Notice shall be the same type, style, and size as set forth in Exhibit 1.

**TRAINING**

9.      Defendant shall provide equal employment opportunity training, including on  retaliation, according to the following terms:

A.      Defendant shall retain and pay a consultant/instructor who shall provide training to any human resource employees with EEO responsibilities, its supervisory personnel, and all management officials, for a period of three years from the date of this Decree, on the issues of equal employment opportunity, including retaliation. During each of the three years, the consultant/instructor shall conduct one training seminar at Defendant's Phoenix facility.  All of Defendant's supervisors, management officials, and any human resources personnel with EEO responsibilities shall make good faith efforts to attend the seminar each year.  To the extent such individual is unavailable on the day of the seminar, he or she shall review the written training materials within thirty (30) days of the seminar.

B.      During the first year, the training seminars shall be conducted within three months of the entry of this Decree.  During the second and third years, the training seminars shall be conducted between eleven (11) and thirteen (13) months after the completion of the preceding seminar.

C.      The training seminars shall be no less than two hours, inclusive of questions and answers.  All of Defendant's employees, supervisory employees, and management officials shall register their attendance or certify in writing that they have reviewed the written materials. These records shall be retained by Defendant for the duration of this Decree.

232827.1

D.     The seminars shall, at a minimum, include the following subjects: (1) what constitutes unlawful retaliation under Title VII; (2) that retaliation violates Title VII; (3) how to prevent retaliation; (4) how to provide a work environment free retaliation, and (5) to whom and by what means employees may complain if they feel they have been subjected to unlawful retaliation in the workplace.

F.     Defendant shall submit the name(s) and resume(s) of the proposed trainer(s) together with the date(s) of the proposed training to the regional attorney of the Phoenix Office of the Equal Employment Opportunity Commission within sixty (60) days of the entry of this Decree.  The Commission shall have fifteen (15) days from the date of receipt of the information described above to accept or reject the proposed training and/or trainer.

## POLICIES/PROCEDURES

10.     Within sixty (60) days of the entry of this Decree, Defendant shall review existing workplace policies concerning workplace discrimination to conform with the law and revise them, if necessary.  The written policies must include:

A.     A strong and clear commitment to preventing retaliation for engaging in activity protected by Title VII.

B.     A clear and complete definition of retaliation.

C.     A statement that discrimination or retaliation on unlawful grounds is prohibited and will not be tolerated.

D.     A clear and strong encouragement of persons who believe they have been retaliated against to report such concerns.

E.     The identification of specific individuals, with their telephone numbers, to whom employees can report their concerns.

F.     An assurance that Defendant will investigate allegations of unlawful discrimination promptly, fairly, and effectively, using appropriate investigators, and that appropriate corrective action will be taken by Defendant to eradicate any unlawful conduct.  To the extent such allegations raise issues of discrimination and/or retaliation

232827.1

by a Defendant management official, the investigation shall not be conducted by a Defendant employee, who is in the chain of supervision of the alleged discriminating official.

G.     A description of the consequences, up to and including termination that will be imposed upon violators of Defendant's anti-discrimination policies.

H.     A promise of maximum feasible confidentiality for persons who believe that they have been subjected to unlawful discrimination.

I.     An assurance of non-retaliation for persons who believe they have been subjected to retaliation, and for witnesses to such allegations.

J.     To the extent revisions are made, Defendant's policies shall be distributed to all of Defendant's employees within ninety (90) days of the entry of this Decree.

**REPORTING BY DEFENDANT AND ACCESS BY EEOC**

11.     Defendant shall report in writing  to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in paragraph four (4) above, beginning six months from the date of the entry of this Decree, and thereafter every year for the duration of the Decree, the following information:

A.     A copy of the revised policies, if necessary, required in paragraph ten of this Decree.

B.     Any modifications or revisions to its policies and procedures which concern or affect the subject of retaliation.

C.     For each reporting period, the name, address, position, social security number, and telephone number of any individual who has filed a charge of discrimination against Defendant with the EEOC or ACRD based on retaliation.  The nature of the complaint, investigatory efforts made by Defendant, and any corrective action taken also shall be specified.

D.     That all employees required by paragraph ten (10) of this Decree have received the requisite training and attach the registries of attendance.

232827.1

E.       Confirmation that: (1) the Notice required in paragraph nine (9) of this Decree was posted, and the locations where it was posted; (2) the policies required in paragraph thirteen n were distributed to each current and new employee of Defendant; (2) the expungement, from the personnel file of Mr. Rickman as required in paragraph six of this Decree took place, the date of the expungement, and the specific documents expunged, if any.

## COSTS AND DURATION

12.      Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

13.      The duration of this Decree shall be thirty-six (36) months from its entry. This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree.  Should the Court determine that Defendant has not materially complied with this Decree, the Court may order appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance.

14.      Absent extension, this Decree shall expire by its own terms at the end of thirty-six (36) months from the date of entry without further action by the Parties.

15.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

Dated this 25th day of November, 2008.


_____
David G. Campbell
United States District Judge

7

232827.1

1
2
3
4
5
6
7   APPROVED AND CONSENTED TO:
8
9
10                                                          s/Mary Jo O'Neill
   _____                    _____
11  LORENZO J. VALENZUELA                       MARY JO O'NEILL
    President                                   Regional Attorney
12  VALWEST TECHNOLOGIES, INC.
13                                                          s/Sally C. Shanley
    ____                                        _____
14  ____s/Todd Hale_____                   SALLY C.. SHANLEY
    TODD E. HALE                                Supervisory Trial Attorney
15  LEWIS and ROCA LLP
    One South Church Avenue                     VALERIE MEYER
16  Tucson, AZ 85701-1611                       Trial Attorney
17  Attorneys for Defendant                     EQUAL EMPLOYMENT OPPORTUNITY
                                                COMMISSION
18                                              Phoenix District Office
                                                3300 North Central Avenue, Suite 690
19                                              Phoenix, Arizona 85012
                                                (602) 640-5032
20
                                                Attorneys for Plaintiff
21
22
23
24
25
26                                              _____
27
28

232827.1

1
2

### NOTICE TO ALL EMPLOYEES OF
### VALWEST TECHNOLOGIES, INC.

3
4
5

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to retaliate against any person because the person protests discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

6
7
8

It is against the law for any action to be taken against an employee by any supervisory or management official for:  (1) opposing discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII.

9

If you believe you have been discriminated against or retaliated against, you have the right to seek assistance from:

10
11
12
13

    (1)    EEOC
            3300 North Central Ave., Suite 690
            Phoenix, Arizona 85012
            Telephone:  (602) 640-5000
            TTY: (602) 640-5072
            Website (national): www.eeoc.gov; or

14
15
16

    (2)    Arizona Civil Rights Division (ACRD)
            Attorney General's Office
            1275 W. Washington
            Phoenix, Arizona, 85007
            (602) 255-5263.

17

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against or retaliated against.

18
19
20
21
22
23
24
25
26
27
28

232827.1